## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH COLBURN,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   Case No.: 2:23-cv-00056-ACA |
| | ] |
| **STAR SNACKS, LLC,** | ] |
| | ] |
| **Defendant.** | ] |

## **FINAL ORDER**

Plaintiff Deborah Colburn filed this action against Defendant Star Snacks, LLC, alleging that the court had jurisdiction over this case under 28 U.S.C. § 1332(d). (Doc. 1 at 3 ¶ 5). But Ms. Colburn's complaint did not allege her citizenship, nor did it identify the citizenship of each member of Star Snacks (*id.*) as required to satisfy the minimal diversity requirement under 28 U.S.C. § 1332(d). *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). The magistrate judge previously assigned to this case explained how Ms. Colburn's jurisdictional allegations were lacking and ordered Ms. Colburn to file an amended complaint. (Doc. 8 at 2–3).

Ms. Colburn's amended complaint suffered from the same deficient allegations as her original complaint. (Doc. 10 at 3 ¶ 5). Once again, the magistrate judge previously assigned to this case explained what information Ms. Colburn needed to include in her complaint to establish this court's jurisdiction and ordered Ms. Colburn to file a second amended complaint. (Doc. 11 at 1–2).

Ms. Colburn's second amended complaint again fails to establish that the court has jurisdiction to hear her case. (Doc. 17 at 3–4 ¶¶ 5–6). In the second amended complaint, Ms. Colburn properly alleges that she is a citizen of the State of Alabama. (*Id.* at 4 ¶ 6). But Ms. Colburn still does not identify or provide the citizenship of Star Snack, LLC's members (*id.*) despite being notified twice that this information is necessary to ensure the court has subject matter jurisdiction over Ms. Colburn's claim (doc. 8 at 2–3; doc. 10 at 1).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the court determines that it does not have subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). Ms. Colburn has had three chances to plead facts establishing the court's jurisdiction over this action and has been unable to do so.

Accordingly, because the court cannot determine from the face of the complaint whether it has jurisdiction over the action, the court **DISMISSES** this action **WITHOUT PREJUDICE**.

The court **DIRECTS** the Clerk to close this case.

**DONE** and **ORDERED** this March 17, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE